UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL VINCENT MORINVILLE,<br><br>*Plaintiff*,<br><br>v.<br><br>US INVENTOR, INC, *et al.*<br><br>*Defendants*. | Civil Action No. 24-3422 (AHA) |

### Memorandum Opinion

Plaintiff Paul Morinville sued Defendants US Inventor ("USI"), Josh Malone, and Randy Landreneau in D.C. Superior Court, alleging unlawful termination. USI removed the case to this Court, asserting federal subject matter jurisdiction via diversity of citizenship. Morinville contends there is no federal jurisdiction. The Court agrees and remands to Superior Court.

I.   **Background**

The complaint states that Morinville is the "Founder, former Board Member, and Executive Director" of USI, which he created "to educate Congress and the public on how the U.S. patent system drives American innovation." ECF No. 1-2 at ¶¶ 2, 15. The complaint describes various aspects of USI's work between 2013 and 2024, most of which involves coordinating meetings between USI employees and federal policymakers in the District of Columbia to support or oppose laws relating to the patent system. *Id.* at ¶¶ 18–36. Morinville coordinated and participated in hundreds of such meetings in D.C. from 2013 to 2017, when he left USI for a period. *Id.* at ¶ 18. In 2022, Morinville returned to the organization and, in 2023, he became USI's Executive Director.

*Id.* at ¶¶ 32–36. As part of that arrangement, Morinville moved permanently to D.C. and USI leased property in D.C. for him to direct the organization's affairs. *Id.* at ¶ 39.

In September 2024, Defendants Malone and Landreneau, who served as USI's other two board members (along with Morinville), voted to remove Morinville as Executive Director. *Id.* at ¶¶ 94–97. Morinville resigned from the board the following month. *Id.* at ¶ 25.

Within about two months of the vote to remove him, Morinville filed this suit in D.C. Superior Court asserting wrongful termination, breach of contract, and other state law claims. Defendants removed the case to this Court and Morinville has now moved to remand the case back to Superior Court. *See* ECF No. 6 at ¶ 2.

## II.     Discussion

A state case may be removed to federal court only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). The Court "must assume all of the facts set forth by plaintiff to be true." *Walter E. Campbell Co. v. Hartford Fin. Servs. Grp., Inc.*, 48 F. Supp. 3d 53, 55 (D.D.C. 2014). As the party seeking removal, Defendant bears the burden of establishing federal jurisdiction. *See Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006). Recognizing that federal courts have limited jurisdiction, as well as important federalism concerns, this Court "strictly construes the scope of its removal jurisdiction, resolving any ambiguities concerning the propriety of removal in favor of remand." *Clean Label Project Found. v. Abbott Lab'ys, Inc.*, No. 21-CV-3247, 2022 WL 1658813, at *3 (D.D.C. May 25, 2022) (citations omitted); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). If "it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

Here, Defendants assert federal jurisdiction based on diversity of citizenship, requiring them to show complete diversity among the parties (*i.e.*, that no plaintiff and defendant are citizens of the same state) and that more than $75,000 is in controversy. 28 U.S.C. §§ 1332(a), 1441(a). It is undisputed that the amount in controversy exceeds $75,000; Plaintiff alleges over $1,000,000 in damages. *See* ECF No. 1-2 at ¶¶ 181–185. However, Defendants have not established complete diversity.

The parties agree that Morinville is a citizen of Washington, D.C. and, based on the record before the Court, it appears USI is too. A corporation is a citizen of the state where it is incorporated and "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The principal place of business is the corporation's "nerve center"—that is, "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). The record here indicates that USI's nerve center is in D.C. As the organization's Executive Director, Morinville led the organization's affairs from D.C. *See* ECF No. 1-2 at ¶ 36; ECF No. 6 at ¶ 4. Indeed, according to the complaint and left unrebutted by Defendants, Morinville was specifically asked to relocate to D.C. in conjunction with being offered the Executive Director position. *Id.* at ¶ 36. The arrangement for Morinville to serve as Executive Director also included USI leasing property for him to run the organization from D.C. *Id.* at ¶ 39. And, consistent with USI's purpose to "educate Congress and the public on how the U.S. patent system drives American innovation," virtually all the business set forth in the record involves Morinville's coordination of meetings with federal policymakers in D.C. ECF No. 1-2 at ¶¶ 15–18, 32–36.

Defendants do not dispute that USI's principal place of business was D.C. until at least September 2024, when they terminated Morinville. They argue that by the time Morinville filed his complaint approximately two months later, USI's principal place of business had left D.C. *See*

ECF No. 12 at 5–6. According to Defendants, USI's principal place of business moved to either Virginia or Florida, where Malone and Landreneau, USI's remaining board members, are citizens. *See id.* at 10. In support, Defendants have provided affidavits from Malone and Landreneau stating that following Morinville's termination, "high-level officers of USI have directed, controlled, and coordinated the organization's activities through Zoom or other online conference meetings from their homes in the States of Florida, Colorado, and Virginia." ECF No 12-1 at ¶ 14; ECF No 12-2 at ¶ 10. Both board members also state that they "have led the aforesaid directing, controlling, and coordinating activities, and made management and other high-level decisions of USI" from their respective homes. ECF No 12-1 at ¶ 15; ECF No 12-2 at ¶ 11.

While it is conceivable for an organization's principal place of business to change after its chief officer is terminated, USI's conclusory and conflicting statements are insufficient to show that USI's principal place of business moved to Virginia or Florida during the two months since Morinville had been terminated or the one month since he had resigned from the Board. *See Colon v. Ashby*, 314 F. Supp. 3d 116, 123 (D.D.C. 2018) (noting that Plaintiff's allegation regarding Defendant's principal place of business "carries the day unless Defendant shows the contrary").[1]

Defendants also argue that the Court cannot consider USI and Morinville's direction and coordination of meetings from D.C. in determining the organization's nerve center because of "the government contacts exception," which "precludes the assertion of personal jurisdiction over a non-resident whose only contact with the District of Columbia is with Congress or a federal agency." *Capel v. Capel*, 272 F. Supp. 3d 33, 40 (D.D.C. 2017); *see* ECF No. 12 at 7–9. But both

---

[1] The Court notes that Morinville disputes his termination was effective and maintains that he is, in fact, still the Executive Director of USI under the organization's bylaws. The Court does not evaluate the merits of this argument; however, Defendants have failed to show that the principal place of business moved from D.C. within the relevant time.

the legal test for personal jurisdiction and the concerns underlying personal jurisdiction are distinct from the test and concerns when it comes to subject matter jurisdiction and determining principal place of business. What matters here is that USI's "actual center of direction, control, and coordination" was in D.C. at the relevant time. *Hertz*, 559 U.S. at 93.

Because both Morinville and USI are citizens of D.C., Defendants have failed to establish diversity jurisdiction.

### III.    Conclusion

For these reasons, the Court grants Morinville's motion and the case is remanded to D.C. Superior Court. A separate order consistent with this decision accompanies this memorandum opinion.

_____

AMIR H. ALI  
United States District Judge

Date: February 3, 2025